Filed 12/30/24  P. v. Loredo CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051777 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2107283) |
| v. | |
| ADRIAN LOREDO, | |
| Defendant and Appellant. | |

## THE COURT[1]

Defendant Adrian Loredo appeals an order denying his petition for resentencing under Penal Code section 1172.6,[2] pursuant to which a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" (*id*., subd. (a)) may seek to have his conviction vacated in specified circumstances.

On appeal, Loredo's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Loredo filed a supplemental letter

---

[1] Before Greenwood, P. J., Danner, J., and Bromberg, J.

[2] All further unspecified statutory references are to the Penal Code.

brief on his own behalf.  Having reviewed Loredo's supplemental brief, we conclude he has failed to raise an arguable issue on appeal, and we affirm the order.

## I.  FACTS AND PROCEDURAL BACKGROUND[3]

On February 23, 2021, Cesar Moreno was shot in San Jose.  He died from his injuries two days later.

Immediately prior to the shooting, Moreno was at a cafe with his friend, Henry H. (Henry).[4]  Henry participated in an online video gambling game.  Henry frequently met with people to receive payments for the game and often carried cash in his bag.  When Moreno and Henry were together at the cafe, two men and one woman approached Henry.  The men (one of whom was Loredo) were armed with firearms.  Loredo tried to grab a bag of cash from Henry, and Henry attempted to run away.  Moreno approached Henry, and Loredo and the other man fired their weapons at Moreno and Henry.  Moreno was struck (including by bullets fired from Loredo's gun) and fell to the ground.  The woman who approached Henry at the cafe had arranged to meet him there and had helped plan the robbery.

In October 2021, the Santa Clara County District Attorney filed a first amended felony complaint (complaint) charging Loredo and two codefendants, Jesse Sotelo, Jr. and Katherine Schmidt, with murder "with malice aforethought" (§ 187, subd. (a); count 1) and attempted robbery in the second degree (§§ 664, 212.5, subd. (c); count 2).  The murder and attempted robbery counts further alleged that Loredo and Sotelo personally discharged a firearm proximately causing death (§ 12022.53, subd. (d)) (firearm allegation).

---

[3] As Loredo was convicted by plea prior to a preliminary hearing, these facts are taken from the probation report prepared for Loredo's sentencing.

[4] We refer to the surviving victim by his first name and last name initial to protect his privacy interests.  (Cal. Rules of Court, rule 8.90(b)(4).)

On January 19, 2023, Loredo pleaded guilty to both counts and admitted the firearm allegations, with the understanding that he would be sentenced to 25 years to life in state prison.[5] Loredo executed a written plea form, which the trial court reviewed with him before taking his guilty pleas.

On April 14, 2023, the trial court sentenced Loredo to an indeterminate term of 25 years to life for first degree murder (count 1) and struck the punishment for the firearm enhancement. The court imposed a sentence of 16 months on count 2, to run concurrently with count 1 and stayed the punishment for the firearm enhancement.[6] The court described the "total term" as "25 years to life." There is no indication in the record on appeal that Loredo appealed from the judgment.

On December 18, 2023, Loredo filed on his own behalf a petition for resentencing under section 1172.6, asserting (by checking boxes on a preprinted form), inter alia, that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019." Loredo sought appointment of counsel.

On January 2, 2024, the trial court denied Loredo's petition in a written order.[7] The court denied the petition on the basis that Loredo was convicted of murder in 2023, and section 1172.6 relief is unavailable to persons convicted of murder under current law.

---

[5] At the change of plea hearing, the parties placed on the record the trial court's indication that it would sentence Loredo on count 1 to 25 years to life, strike the firearm enhancement, and stay the punishment on count 2 pursuant to section 654. The district attorney noted that the People did not agree with the court's indicated sentence and sought to have the firearm enhancement imposed, which would have resulted in a sentence on count 1 of 50 years to life.

[6] Specifically, the court stated "As to count 2, it's the mitigated term of 16 months concurrent to count 1. Once again, the punishment pursuant to [section] 12022.53[, subdivision] (d) is stayed pursuant to [section] 654 of the Penal Code."

[7] There is no indication in the record that the trial court appointed counsel for Loredo.

Loredo timely filed a notice of appeal from the trial court's order. This court appointed counsel to represent Loredo on appeal.

Loredo's appellate counsel filed an opening brief pursuant to *Delgadillo*, *supra*, 14 Cal.5th at pages 231–232. Counsel asserted that he had reviewed the record, researched potential issues, and had identified no arguments "with 'a reasonable chance for success.' "

This court notified Loredo that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Loredo filed a supplemental brief.[8]

## II. DISCUSSION

In his supplemental letter brief, Loredo asserts that he is eligible for resentencing under section 1172.6, even though he entered his plea after January 1, 2019. Loredo argues that the trial court must consider documents in the record that are "part of the 'record of conviction.' " Loredo observes that he does not "see anything in the plea agreement that states [that he] pleaded to murder under the new statutes." Loredo notes that the plea form simply lists the statute of conviction as "Penal Code 187(a)" and does not state he pleaded guilty to murder as amended by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2–3). Loredo contends that the trial court's denial of his petition at the prima facie stage without issuing an order to show cause and allowing him to present evidence violated his due process rights. Loredo requests that this court reverse the trial court's order denying his petition.

Loredo's letter fails to raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the

_____

[8] Loredo's supplemental brief was not timely received by this court, and this court dismissed the appeal on September 10, 2024. On October 3, 2024, this court on its own motion set aside the dismissal, ordered Loredo's supplemental brief filed, and reinstated the appeal.

4

result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Loredo is correct that he pleaded guilty to murder, under its definition at the time he committed the crime and entered his plea. These events both occurred *after* murder was narrowed by Senate Bill No. 1437, effective as of January 2019, to eliminate the natural and probable consequences theory and to limit the scope of the felony-murder rule. (*Delgadillo*, *supra*, 14 Cal.5th at p. 223.) "Senate Bill 1437 further created a procedure under former section 1170.95 [now section 1172.6] for persons *convicted of felony murder or murder under a natural and probable consequences theory* to petition for *retroactive relief*." (*Ibid*., italics added; see also Stats. 2021, ch. 551, § 2 [amending former § 1170.95, eff. Jan. 1, 2022].)

As Loredo was charged and convicted after the definition of murder was changed, he could not have been convicted of murder on the basis of a now-invalid theory. As the Court of Appeal held in *People v. Reyes* (2023) 97 Cal.App.5th 292, "Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437." (*Id*. at p. 298.)

The same analysis holds true here. Loredo could not have been convicted on a theory of murder in 2023 for which section 1172.6 is designed to provide relief. The trial court did not err in denying his petition, and Loredo cannot show prejudicial error in the process by which the court denied it.

## III. DISPOSITION

The order denying the section 1172.6 petition is affirmed.